THE NATIONAL NEWARK & ESSEX BANKING COMPANY OF NEWARK, A CORPORATION OF THE UNITED STATES OF AMERICA, PROSECUTOR-PETITIONER, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, BOARD OF REVIEW AND ARTHUR N. SELVEY, DEFENDANTS-RESPONDENTS.

Argued January 22, 1941—Decided May 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Pitney, Hardin & Skinner* (*Charles R. Hardin* and *Frederick A. Frost*).

For the respondents, *Clarence F. McGovern*.

For the Unemployment Compensation Commission, *Herman D. Ringle* and *Charles A. Malloy*.

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up a determination of the Board of Review (Unemployment Compensation Commission of New Jersey) which held that Arthur N. Selvey was, under the circumstances hereinafter related, eligible for benefits because of unemployment and that the prosecutor was the employer within the purview of the statute entitled "An act to provide for the establishment and administration

of unemployment compensation, providing for the levy and collection of contributions therefor, providing penalties and making appropriations," being chapter 270 of *Pamph. L.* 1936, appearing in the Revised Statutes as chapter 21 of title 43.

Prosecutor is a national bank incorporated under the Federal Banking Act. Within its conceded statutory authority, it made a loan, secured by first lien upon improved realty. There was a default under the mortgage. The bank foreclosed, bought in at the foreclosure sale and on or shortly after March 25th, 1937, received a deed from the sheriff for the premises. The bank made a *bona fide* effort to liquidate its interest in the property as rapidly as possible but was unable to do so forthwith and for a time, including the period now in question, operated the property through a managing agent. No profit was made by the bank either on the operation of the property or on the bank's original investment. The question is whether the employment was within the application of the Unemployment Law.

That statute provides (*R. S.* 43:21-19 (i) (7) (F)):

"The term employment shall not include: * * * Service performed in the employ of any other state or its political subdivisions, or of the United States government, or of an instrumentality of any other state or states or their political subdivisions or of the United States."

That provision is plain. Service in the employ of an instrumentality of the United States is not within the statute. We have no occasion to inquire whether the status of one employed by an instrumentality of the United States is such that his employment could be brought within the statute if the state legislature undertook so to do. We are simply to ascertain whether the respondent was in the employ of an instrumentality of the United States acting within its powers as such instrumentality. If that question is resolved in the affirmative, the case is decided. National banks are instrumentalities of the United States. That legal fact is established beyond question. *M'Culloch* v. *Maryland,* 4 *Wheat.* 316; 4 *L. Ed.* 579; *Davis* v. *Elmira Savings Bank,* 161 *U. S.* 275; 40 *L. Ed.* 700; *First National Bank of Guthrie Center* v. *Anderson,*

269 *U. S.* 341; 70 *L. Ed.* 295; *Iowa-Des Moines National Bank* v. *Bennett,* 284 *U. S.* 239; 76 *L. Ed.* 265. Not only so, but the federal statutes specifically provide (in the Federal Banking Act, 12 *U. S. C. A.,* § 371; 49 *Stat.* 706, 717) that "Any national banking association may make real estate loans secured by first liens upon improved real estate, including improved farm land and improved business and residential properties * * *," and (12 *U. S. C. A.,* § 29): "A national banking association may purchase, hold and convey real estate for the following purposes, and for no others: * * * Fourth: Such as it shall purchase at sales under judgments, decrees or mortgages held by the association, or shall purchase to secure debts due to it. But no such association shall hold the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years. (*R. S.,* § 5137)." The bank had held possession of the real estate for a less period than five years at any part of the time now in controversy.

The opinion of the Board of Review recognized the inclusiveness of the statutory authority to own and to hold the real estate but held that inasmuch as the statute did not specifically authorize national banks to *operate* real estate, the active management by the prosecutor, pending the success of its effort to sell, was *ultra vires.* That is not our view. We think that the power in the bank to make loans secured by real estate mortgages and to buy in and hold its mortgaged lands sold under decree includes the power to manage the property which it holds. The one power necessarily flows from the other. It is quite beyond reason that a bank should not have the power, indeed the duty, to manage efficiently pending resale that which it is authorized to hold. Surely it could not have been the purpose of Congress that a bank should be empowered to hold real estate for five years but not to rent or otherwise to endeavor to make it carry its own load during any portion of that period.

We conclude that prosecutor is an instrumentality of the United States; that its ownership and operation of the real estate was within its statutory powers; that in this ownership

and operation it was within the exception of section 19 (i) (7) (F), *supra;* and that therefore the claimant can take nothing under our Unemployment Compensation statute because of the designated employment by prosecutor.

The judgment below will be reversed.